IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

WILLIAM CASSIDY

_____/

SEALED INDICTMENT

4:14cr41-MW/CAS

COUNTS ONE THROUGH FOUR

A. INTRODUCTION

At all times relevant to this Indictment, unless otherwise specified:

1. U.S. Prisoner Extradition Service, LLC ("USPES"), and Interstate Criminal Extraditions ("ICE") were private prisoner transport companies engaged in the business of transporting for compensation prisoners committed to the custody of states, their political subdivisions, and the United States Bureau of Prisons.

2. The defendant, **WILLIAM CASSIDY**, was an employee, agent, and manager of USPES and ICE.

3. The defendant's wife, A.C., was named as the organizer of "US Prisoner Extradition Service," on Articles of Organization filed with the Secretary of State of the Commonwealth of Kentucky on or about February 9, 2009.

4. The defendant was named on a Certificate of Assumed Name filed in the County Court for Boone County, Kentucky, on or about May 6, 2010, as the person who had adopted the assumed name of "Interstate Criminal Extraditions."

5. The defendant was an authorized signor on account number *8160, held in the names of William Cassidy, U.S. Prisoner Extradition Service, and William Cassidy and A.C. d/b/a Interstate Criminal Extraditions.

6. USPES and ICE were private prisoner transport companies within the meaning of the Interstate Transportation of Dangerous Criminals Act of 2000, commonly known as "Jeanna's Act," Title 42, United States Code, Section 13726a, and 28 C.F.R. Section 97.1 – 97.1-97.30 (collectively "Jeanna's Act").

7. The prisoners transported by USPES and ICE included "violent prisoners" as defined in Jeanna's Act.

8. Pursuant to Jeanna's Act, USPES and ICE were required to adopt pre-employment screening measures for all employees, including a fingerprint-based criminal background check that disqualified persons with prior felony convictions from employment with private prisoner transport companies.

9. Pursuant to Jeanna's Act, USPES and ICE were required to ensure that USPES and ICE maintained policies, practices, and procedures to ensure the health and physical safety of prisoners during transport.

10. Pursuant to Jeanna's Act, USPES and ICE were required to ensure that USPES and ICE maintained policies, practices, and procedures to prohibit the mistreatment of prisoners, including prohibitions against sexual misconduct.

11. USPES represented to its customers and prospective customers that USPES was in compliance with Jeanna's Act.

12. USPES represented to its customers and prospective customers: that it provided female agents for the transportation of female prisoners; that its employees underwent a rigid hiring process that included drug screening, background investigation, pre-service and in-service training and review; that its agents were fully qualified prisoner transportation agents; and that its agents had law enforcement service backgrounds.

### B. THE CHARGE

Between in or about October 2010 and on or about June 10, 2014, in the Northern District of Florida and elsewhere, the defendant,

**WILLIAM CASSIDY,**

did knowingly and willfully devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing this scheme to defraud, did cause wire communications to be transmitted in interstate commerce.

### C. THE SCHEME TO DEFRAUD

It was part of this scheme to defraud that:

1. The defendant entered and caused USPES and ICE to enter agreements with state, county, and municipal agencies, including sheriffs' offices (collectively "contracting agencies") for the transportation of prisoners from one jurisdiction to another.

2. Pursuant to these agreements, the defendant would transport prisoners from facilities where they were being held in the custody of federal, state, county, and

3

municipal agencies (collectively "holding agencies") and would transport the prisoners to facilities where they would be held in the custody of the contracting agencies.

3. USPES and ICE would bill the contracting agencies for costs and fees associated with the transportation of prisoners.

4. To secure the business of the contracting agencies, the defendant made and caused to be made false and misleading statements and representations to the contracting agencies concerning the training, qualifications, experience, and fitness of USPES and ICE transport agents.

5. To secure the business of the contracting agencies, the defendant made and caused to be made false statements concerning USPES's compliance with Jeanna's Act.

6. To secure the business of and payment from the contracting agencies, the defendant fraudulently concealed and omitted facts material to the decisions of the contracting agencies hiring him, USPES and ICE, in that the defendant concealed and failed to disclose that:

    a. The defendant was serving a sentence of felony probation, which prohibited him from leaving the State of Kentucky and that his travel out of state to transport inmates was in violation of his conditions of probation;

    b. The defendant's sentence of probation precluded him from associating with convicted felons and from visiting any prison or jail;

4

      c.      The defendant's sentence of probation precluded him from working as a prisoner transport agent; and

      d.      The defendant's sentence of probation precluded him from possessing a firearm or ammunition.

7. The defendant made false and misleading statements to his probation officer and to the Boone County Circuit Court for the Commonwealth of Kentucky, to conceal his involvement in the prisoner transport business.

8. To secure the business of the contracting agencies, the defendant fraudulently omitted and concealed from these agencies the fact that he had mistreated the female prisoners he transported and had engaged in conduct detrimental to their security, health, physical safety, and well-being; namely, the defendant concealed and failed to disclose that:

      a.      When the defendant transported female prisoners from holding agencies to contracting agencies, he left them unrestrained and unsupervised in his vehicle, in restaurants, in hotel rooms, in retail stores, and in other locations;

      b.      When the defendant transported female prisoners he would offer and provide them alcoholic drinks and controlled substances;

      c.      When the defendant transported female prisoners, he would provide these prisoners with special benefits such as arranging for the female prisoners to telephone and visit their relatives and

        friends, purchasing toiletry items for them, and arranging for them to shower and sleep in hotel rooms;

    d.    When the defendant offered and provided these special benefits, he would demand sexual favors from the female prisoners in exchange;

    e.    When the defendant transported female prisoners, he would have sexual intercourse and oral sexual contact with them in his vehicle and in hotel rooms; and

    f.    During some trips in which the defendant demanded sexual favors and engaged in sexual contact with female prisoners, the defendant made it known to these prisoners that he was carrying a firearm.

9.    To conceal his purchases of toiletries and alcoholic beverages for female prisoners, the defendant would use cash or a pre-paid debit card to pay for these items.

10.    To conceal his abuse and mistreatment of the female prisoners he transported, the defendant submitted and caused to be submitted to the contracting agencies false and misleading Activity Logs, which falsely reflected the prisoners' activities and locations.

11.    When transporting prisoners, the defendant caused wire communications to be transmitted in interstate commerce by conducting financial transactions and by making and receiving cellular telephone calls.

## D. WIRE COMMUNICATIONS

On or about the following dates, in the Northern District of Florida, the defendant,

### WILLIAM CASSIDY,

for the purpose of executing this scheme to defraud, caused to be transmitted in interstate commerce the following wire communications:

| COUNT | DATE | COMMUNICATION |
|---|---|---|
| ONE | October 1, 2012 | a charge of approximately $58.00 at BP Station, Campbellton, Florida |
| TWO | November 15, 2012 | cell phone call to area code 406 |
| THREE | November 16, 2012 | a charge of approximately $111.38 at Homewood Suites, Tallahassee, Florida |
| FOUR | January 2, 2013 | a charge of approximately $50.16 at Microtel Inn, Pensacola, Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT FIVE

Between on or about September 30, 2012, and on or about October 1, 2012, in the Northern District of Florida and elsewhere, the defendant,

### WILLIAM CASSIDY,

did knowingly transport and attempt to transport an individual, V.S, in interstate commerce with intent that V.S. engage in a sexual activity for which any person can be charged with a criminal offense, that is, sexual battery, in violation of Florida Statute 794.11(4)(g) and sexual assault in violation of Title 16, Georgia Code, Section 16-6-5.1.

In violation of Title 18, United States Code, Section 2421.

## COUNT SIX

Between on or about November 15, 2012, and on or about November 16, 2012, in the Northern District of Florida and elsewhere, the defendant,

## WILLIAM CASSIDY,

did knowingly transport and attempt to transport an individual, A.R., in interstate commerce with intent that A.R. engage in a sexual activity for which any person can be charged with a criminal offense, that is, sexual battery, in violation of Florida Statute 794.11(4)(g).

In violation of Title 18, United States Code, Section 2421.

## COUNT SEVEN

Between on or about December 31, 2012, and on or about January 1, 2013, in the Northern District of Florida and elsewhere, the defendant,

## WILLIAM CASSIDY,

did knowingly transport and attempt to transport an individual, D.R., in interstate commerce with intent that D.R. engage in a sexual activity for which any person can be charged with a criminal offense, that is, sexual battery, in violation of Florida Statute 794.11(4)(g).

In violation of Title 18, United States Code, Section 2421.

## COUNT EIGHT

Between on or about December 31, 2012, and on or about January 1, 2013, in the Northern District of Florida and elsewhere, the defendant,

## WILLIAM CASSIDY,

a person under indictment for a crime punishable by imprisonment for a term exceeding one year, namely, Impersonating a Peace Officer, as charged in *Commonwealth of Kentucky v. Cassidy, William James*, Case No. 10-CR-334, did knowingly and willfully transport a firearm, that is, a Sig Sauer .45 caliber pistol.

In violation of Title 18, United States Code, Sections 922(n) and 924(a)(1)(D).

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, and Title 28, United States Code, Section 2461(c).

From his engagement in the violations alleged in Counts One through Seven, the defendant,

**WILLIAM CASSIDY,**

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, and Title 28, United States Code, Section 2461(c), any and all of the defendant's right, title, and interest in any property, real and personal, that constitutes or is derived from gross proceeds traceable to the commission of that offense.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendant:

    i.    cannot be located upon the exercise of due diligence;

    ii.    has been transferred, sold to, or deposited with a third party;

    iii.    has been placed beyond the jurisdiction of this Court;

    iv.    has been substantially diminished in value; or

    v.    has been commingled with other property that cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

### FIREARM FORFEITURE

The allegations contained in Count Eight of this Indictment are hereby realleged and incorporated by reference. Because the defendant,

### WILLIAM CASSIDY,

knowingly committed the violations set forth in Count Eight of this Indictment, any and all interest that this defendant has in the firearm involved in these violations is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 3665.

A TRUE BILL:

Redacted

July 1, 2014
DATE

/s/ Pamela␣Marsh
PAMELA C. MARSH
United States Attorney

/s/ Karen Rhew-Miller
KAREN RHEW-MILLER
Assistant United States Attorney

10